UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LUCILA B. ROBIN**             )<br>           **Plaintiff**      )<br>                                            )<br>**v.**                                      )<br>                                            )<br>**CVS PHARMACY, INC., et al**   )<br>           **Defendants**    ) | **Case No.: 3:22-cv-01488** |

## AMENDED COMPLAINT

Now comes the Plaintiff, Lucila B. Robin, following the granting of a motion to substitute defendants substituting Connecticut CVS Pharmacy, LLC for CVS Pharmacy, Inc., to assert the following claims against the Defendant, Connecticut CVS Pharmacy, LLC and Case Snow Management, Inc.

**FIRST COUNT:**

1) The Plaintiff, Lucila B. Robin, is a resident of Pound Ridge, New York.

2) The Defendant, Connecticut CVS Pharmacy, LLC, is a foreign limited liability company duly organized and existing under the laws of the State of Rhode Island operating a CVS Pharmacy located at 969 High Ridge Road, Stamford, Connecticut.

3) The Defendant, Case Snow Management, Inc., is a foreign corporation duly organized and existing under the laws of the State of Massachusetts with a principal place of business located at 356 John L. Dietsch Blvd. North Attleboro, Massachusetts.

4) On or about February 8, 2021, the Plaintiff, Lucila B. Robin, was lawfully on the premises of 969 High Ridge Road, Stamford, Connecticut.

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

5)  At all times material hereto, the Defendant, Connecticut CVS Pharmacy, LLC, either owned, controlled, managed, possessed, inspected and/or maintained the premises and had a duty to keep the premises reasonably safe for all who entered onto the premises such as the Plaintiff.

6)  On said date at said place, the Plaintiff, Lucila B. Robin, while walking from the entrance/exit of the CVS Pharmacy towards a trash receptacle was caused to slip and fall on an accumulation of snow/ice, causing the injuries and damages hereinafter set forth.

7)  As a result of said occurrence, the Plaintiff received and suffered from the following severe, disabling, painful and permanent injuries which were caused, aggravated, accelerated or lighted up by said occurrence:

   a) Closed head injury;

   b) Post-traumatic concussion syndrome and headaches;

   c) Cervical sprain/strain w/ radiculopathy;

   d) Right shoulder and arm pain and injury;

   e) Multiple contusions and abrasions; and,

   f) Severe shock to the Plaintiff's entire nervous system.

8)  As a further result, the Plaintiff has suffered and will continue to suffer severe physical and emotional distress, extreme pain and suffering, embarrassment, limitation of activities, inconvenience, disability, limitation of motion and has been unable to perform the household, recreational and normal duties, activities and functions as the Plaintiff did before said occurrence.

9)  As a further result, the Plaintiff has been unable to perform the functions, duties and activities of the Plaintiff's occupation for a period of time and her earning capacity has been impaired.

10)  As a result of said injuries, the Plaintiff was required to expend substantial

2

sums of money and may be required to expend additional sums of money in the future for:

  a) Medical care and treatment;

  b) Physical therapy;

  c) Hospitalization;

  d) Surgical care and treatment;

  e) Therapeutic care and treatment;

  f) Pharmaceutical expenses;

  g) Medical devices;

  h) Ambulatory care;

  i) Radiological treatment; and/or,

  j) Diagnostic treatment.

11) As a further result, the Plaintiff is fearful and apprehensive of future medical complications resulting from the aforesaid injuries.

12) The existence of the icy condition on the premises was a dangerous, defective, slippery and hazardous condition, which the Defendants created, knew of or had they used due care and proper diligence, would have known of.

13) Said occurrence was due to the negligence and carelessness of the Defendant, Connecticut CVS Pharmacy, LLC, or their servants, agents, and/or employees in one or more of the following ways:

  a) In that the Defendants caused, allowed and permitted their premises to be and remain in an icy, slippery, dangerous and unsafe condition;

  b) In that the Defendants failed to remedy, shovel, or remove the icy, slippery condition from their premises;

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905 | Juris No. 106151
Tel: (203) 333-3339 | Fax: (203) 324-1407

3

c) In that the Defendants failed to supply a reasonably safe place for the Plaintiff and others to walk on;

d) In that the Defendants failed to reasonably place sand, salt, ice melt or other substances to provide a safe, nonslip surface on their premises;

e) In that the Defendants failed to make proper and reasonable inspections to discover the presence of icy conditions on their premises; and/or,

f) In that the Defendants failed to implement a risk management, maintenance, security and/or inspection system whereby dangerous, unsafe, icy and slippery conditions existing on their premises would be quickly ascertained and remedied.

**SECOND COUNT:**

1) The Plaintiff, Lucila B. Robin, is a resident of Pound Ridge, New York.

2) The Defendant, Connecticut CVS Pharmacy, LLC, is a foreign limited liability company duly organized and existing under the laws of the State of Rhode Island operating a CVS Pharmacy located at 969 High Ridge Road, Stamford, Connecticut.

3) The Defendant, Case Snow Management, Inc., is a foreign corporation duly organized and existing under the laws of the State of Massachusetts with a principal place of business located at 356 John L. Dietsch Blvd. North Attleboro, Massachusetts.

4) On or about February 8, 2021, the Plaintiff, Lucila B. Robin, was lawfully on the premises of 969 High Ridge Road, Stamford, Connecticut.

5) At all times material hereto, the Defendant, Case Snow Management, Inc., either owned, controlled, managed, possessed, inspected and/or maintained the premises and had a duty to keep the premises reasonably safe for all who entered onto the premises such as the Plaintiff.

6) On said date at said place, the Plaintiff, Lucila B. Robin, while walking from the entrance/exit of the CVS Pharmacy towards a trash receptacle was caused to slip and fall on an accumulation of snow/ice, causing the injuries and damages hereinafter set forth.

7) As a result of said occurrence, the Plaintiff received and suffered from the following severe, disabling, painful and permanent injuries which were caused, aggravated, accelerated or lighted up by said occurrence:

   a) Closed head injury;

   b) Post-traumatic concussion syndrome and headaches;

   c) Cervical sprain/strain w/ radiculopathy;

   d) Right shoulder and arm pain and injury;

   e) Multiple contusions and abrasions; and,

   f) Severe shock to the Plaintiff's entire nervous system.

8) As a further result, the Plaintiff has suffered and will continue to suffer severe physical and emotional distress, extreme pain and suffering, embarrassment, limitation of activities, inconvenience, disability, limitation of motion and has been unable to perform the household, recreational and normal duties, activities and functions as the Plaintiff did before said occurrence.

9) As a further result, the Plaintiff has been unable to perform the functions, duties and activities of the Plaintiff's occupation for a period of time and her earning capacity has been impaired.

10) As a result of said injuries, the Plaintiff was required to expend substantial sums of money and may be required to expend additional sums of money in the future for:

   a) Medical care and treatment;

   b) Physical therapy;

5

    c)   Hospitalization;

    d)   Surgical care and treatment;

    e)   Therapeutic care and treatment;

    f)   Pharmaceutical expenses;

    g)   Medical devices;

    h)   Ambulatory care;

    i)   Radiological treatment; and/or,

    j)   Diagnostic treatment.

11) As a further result, the Plaintiff is fearful and apprehensive of future medical complications resulting from the aforesaid injuries.

12) The existence of the icy condition on the premises was a dangerous, defective, slippery and hazardous condition, which the Defendants created, knew of or had they used due care and proper diligence, would have known of.

13) Said occurrence was due to the negligence and carelessness of the Defendant, Case Snow Management, Inc., or their servants, agents, and/or employees in one or more of the following ways:

    a)   In that the Defendants caused, allowed and permitted their premises to be and remain in an icy, slippery, dangerous and unsafe condition;

    b)   In that the Defendants failed to remedy, shovel, or remove the icy, slippery condition from their premises;

    c)   In that the Defendants failed to supply a reasonably safe place for the Plaintiff and others to walk on;

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

d)  In that the Defendants failed to reasonably place sand, salt, ice melt or other substances to provide a safe, nonslip surface on their premises;

e)  In that the Defendants failed to make proper and reasonable inspections to discover the presence of icy conditions on their premises; and/or,

f)  In that the Defendants failed to implement a risk management, maintenance, security and/or inspection system whereby dangerous, unsafe, icy and slippery conditions existing on their premises would be quickly ascertained and remedied.

                         THE PLAINTIFF,

BY */s/ Anastasios T. Savvaides*
    Anastasios T. Savvaides, Esq.
    Wocl Leydon, LLC
    80 Fourth Street
    Stamford, CT 06905
    (203) 333-3339
    Federal Bar No.: CT11710
    asavvaides@woclleydon.com

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

**CERTIFICATION**

      I hereby certify that on January 17, 2023 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

For the Defendant, CVS Pharmacy, Inc.:
Young B. Han, Esq.
Davids & Cohen, PC
40 Washington Street, Suite 20
Wellesley, MA 02481

For the Defendant, Case Snow Management, Inc.:
Kaitlin Bair, Esq.
Lewis Brisebois
185 Asylum Street, Suite 2603
Hartford, CT 06103

                                             /s/ *Anastasios T. Savvaides*
                                             Anastasios T. Savvaides, Esq.

Wood Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151